**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **SONOHM LICENSING LLC**<br><br>    Plaintiff,<br><br>v.<br><br>**BARTEC US CORPORATION**,<br><br>    Defendant, | Civil Action No. 4:20-cv-3366<br><br>**PATENT CASE** |

**BARTEC US CORPORATION'S MOTION TO DISMISS SONOHM LICENSING LLC'S
ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT.......................................................................................................................... 2

    A. Pleadings require factual allegations to support plausible claims. .......................... 2

    B. Sonohm's infringement claims against BARTEC fail as a matter of law because the Complaint lacks allegations of fact that BARTEC performs the claimed methods before the asserted patents expired. ...................................... 3

    C. BARTEC is a licensee of the asserted patents through the Bluetooth Special Interest Group, whose members license Bluetooth specification patents to each other for practice of the Bluetooth specification. ........................... 5

        1. Sonohm's infringement claims are based only on application of the allegedly infringed claims to the Bluetooth 4.0 specification..................... 5

        2. Members of the Bluetooth SIG license patents necessary for the Bluetooth 4.0 specification such that the original owner of the asserted patents, Siemens AG, already licensed them to BARTEC. .......... 7

    D. Sonohm's Complaint should be dismissed with prejudice because Sonohm has no legally cognizable claim against BARTEC to plead. ................................. 8

III. CONCLUSION....................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
　692 F.3d 1301 (Fed. Cir. 2012) ............................................................................................... 5

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ............................................................................................................ 5, 6

*Bell Atlantic Corp v. Twombly*,
　550 U.S. 549 (2007) ............................................................................................................... 5

*Causey v. Sewell Cadillac-Chevrolet, Inc.*,
　394 F.3d 285 (5th Cir. 2004) ................................................................................................ 10

*Datatreasury Corp. v. Wells Fargo & Co.*,
　522 F.3d 1368 (Fed. Cir. 2008) ............................................................................................. 12

*Ericsson, Inc. v. D-Link Sys., Inc.*,
　773 F.3d 1201 (Fed. Cir. 2014) ........................................................................................... 5, 8

*United States ex rel. Porter v. Magnolia Health Plan, Inc.*,
　810 F. App'x 237 (5th Cir. 2020) .......................................................................................... 12

I.      INTRODUCTION

Plaintiff Sonohm Licensing LLC ("Sonohm") filed its Original Complaint for Patent Infringement (ECF No. 1, "Complaint") against BARTEC US Corporation ("BARTEC") for two counts of patenting infringement. Sonohm's Complaint alleges infringement of U.S. Patent Nos. 6,651,207 ("'207 Patent") and 7,106,705 ("'705 Patent"), which both expired before Sonohm filed its Complaint. Nevertheless, Sonohm's Complaint alleges that BARTEC's sales of its "Impact X" product, specifically with respect to the wireless Bluetooth capabilities of that product. (Complaint at ¶¶ 21–26, 40–44.)

The asserted patent claims of the '207 and '705 Patents are method claims, and according to well-established patent law, infringement of method claims is only possible through actual performance of the method as opposed to sales of products capable of performing the method. Sonohm also only asserts direct infringement—meaning alleged performance of the method steps by BARTEC. But Sonohm sets forth zero facts alleging that BARTEC performs or how BARTEC allegedly performs the claimed methods.

Additionally, BARTEC is a licensee of the '207 and '705 Patents. Sonohm premised its infringement allegations upon alleged implementation of the Bluetooth 4.0 specification. In other words, according to Sonohm, because the BARTEC's Impact X uses the Bluetooth specification, infringement occurs. But as an Adopter Member of the Bluetooth 4.0 specification, BARTEC received a perpetual license for the asserted patents from Siemens AG (the prior owner of the asserted patents). Even if Sonohm is permitted to amend its Complaint, Sonohm's infringement allegations will not be legally cognizable.

Accordingly, the Court should grant BARTEC's Motion and dismiss Sonohm's Complaint. The Court should order dismissal with prejudice because any amendment would be futile given the expiration of the '207 and '705 Patents and BARTEC's license thereto.

## II.   ARGUMENT

### A.   Pleadings require factual allegations to support plausible claims.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Plausibility" means "more than a sheer possibility," and facts that are "merely consistent" with liability but are also consistent with nonliability fall short of "plausibility." *Id.*

Furthermore, on a motion to dismiss, while courts accept a plaintiff's well-pleaded facts as true, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 549, 555 (2007)). "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

To adequately state a claim for direct infringement of method claims, the complaint must allege the accused infringer "perform[ed] all the steps of the claimed method, either personally or through another acting under his direction or control." *Akamai Techs., Inc. v. Limelight Networks, Inc.,* 692 F.3d 1301, 1307 (Fed. Cir. 2012). Mere sale of an accused device cannot suffice. *Ericsson, Inc. v. D-Link Sys., Inc.,* 773 F.3d 1201, 1222 (Fed. Cir. 2014) ("In fact, none of our decisions have found direct infringement of a method claim by sales of an end user product which performs the entire method, and we decline to do so here.").

**B.     Sonohm's infringement claims against BARTEC fail as a matter of law because the Complaint lacks allegations of fact that BARTEC performs the claimed methods before the asserted patents expired.**

For both the '207 and '705 Patents, the Complaint asserts only method claims. For each of those claims, Sonohm baldly claims BARTEC infringes only "by performing actions comprising using or performing the claimed method […] by using the Impact X." (Complaint at ¶¶ 21, 40.) Yet Sonohm's alleged basis for infringement is that "the *Accused Instrumentality* performs the step[s]" of the claimed methods. (*Id.* at ¶¶ 22-26, 41-44 (emphasis added)). Never does Sonohm allege, nor could it, that BARTEC performs each step of the allegedly infringed claims of the '207 or '705 Patents. And the Court is not required to accept Sonohm's unsupported conclusions as true. *Iqbal*, 556 U.S. at 678. Accordingly, even taking the allegations of Sonohm's Complaint as true, the Complaint fails to set forth a plausible claim of patent infringement by BARTEC and should be dismissed.

According to Sonohm, the '207 patent relates to improving voice quality in cordless communications. (Complaint at ¶ 12.) Claim 11 is the only '207 Patent claim mentioned in the Complaint, and it recites:

> 11. A method for improving voice quality in cordless communications, comprising:
> selecting a unique carrier frequency over an individual communication link, the communication link operable to carry data between at least one mobile unit and a base station;
> monitoring the quality of the selected frequency during a first time period;
> selecting another frequency after the first time period to transmit and receive data over the communication link;
> after selecting the another frequency, selecting, during a second time period, the frequency that was monitored during the first time period; and
> performing, during the second time period, error correction on the selected frequency in response to the monitored quality monitored during the first time period.

3

(Complaint at ¶ 21; '207 Patent, attached as Ex. 1, at claim 11.) According to this claim, not only does carrier frequency need to be selected, but it also must be monitored, reselected, and analyzed for error correction.

Regarding the '705 patent, Sonohm describes the alleged invention as "transmitting data for a combination of a plurality of services via jointly used physical connections." (Complaint at ¶ 33.) Claim 1 is the only '705 patent claim mentioned in the Complaint, and it recites:

> 1. A method comprising:
> specifying one or more first transport formats for first services and a second transport format for a second service, the first services having higher data rate dynamics than the second service;
> transmitting a combination of data for the first services and data for the second service over a first channel based on the first and second transport formats;
> signaling, in-band in the first channel, the one or more first transport formats for the first services; and
> signaling, in a second channel, the second transport format for the second service, the first channel and the second channel comprising separate channels.

(Complaint at ¶ 40; '705 Patent, attached as Ex. 2, at claim 1.) According to this claim, data must be transmitted using two different transport formats, with accompanying signaling in respective channels.

Neither of these claims can be met by the mere sale of an accused device to a customer. Instead, the accused product must actually be used. And Sonohm never ties any activity by BARTEC—let alone activity of BARTEC while the '207 and '705 were in force. Notably, patent term is 20 years from the date on which the patent application was filed. 35 U.S.C. § 154. Thus, the '207 Patent expired on August 20, 2019, and the '705 Patent expired on November 25, 2019. (*See* Exs. 1–2.)

BARTEC sells the accused product to customers. It does not develop the Bluetooth technology in the accused product, which is rather provided by others. As a result, it would be a rare

4

occurrence, if ever, that BARTEC would directly infringe a method claim. And mere sale of an accused product cannot infringe a method claim. *Ericsson,* 773 F.3d at 1222.

Sonohm alleges without any basis that BARTEC infringes the '207 patent "by performing actions comprising at least using or performing the claimed method for improving voice quality in cordless communications by using the Impact X." (Complaint at ¶ 21.) Similarly, without basis Sonohm alleges BARTEC infringes the '705 patent "by performing actions comprising using or performing the claimed method by using the Impact X." (Complaint at ¶ 40.)

Sonohm provides no factual allegations about how BARTEC (1) allegedly performs any step of the claimed methods, or (ii) allegedly uses the Impact X accused product. Instead, Sonohm only describes how the asserted claims are met by explaining how "the Accused Instrumentality performs [each] step." (Complaint at ¶¶ 22–26, 41–44.)

Accordingly, Sonohm's infringement claims are no more than mere conclusions devoid of supporting factual allegations. The Court should therefore dismiss Sonohm's Complaint for failure to set forth plausible claims.

### C. BARTEC is a licensee of the asserted patents through the Bluetooth Special Interest Group, whose members license Bluetooth specification patents to each other for practice of the Bluetooth specification.

The Court should dismiss Sonohm's Complaint with prejudice because, to the extent Sonohm's claims are premised on the accused product practicing the Bluetooth 4.0 specification, BARTEC is already a licensee of the '207 and '705 Patents. As a result, Sonohm would be unable to amend the Complaint to ever set forth plausible infringement claims.

#### 1. Sonohm's infringement claims are based only on application of the allegedly infringed claims to the Bluetooth 4.0 specification.

Sonohm's infringement case is based upon the allegation that the accused product complies with the Bluetooth 4.0 specification. (Complaint ¶¶ 22–26, 41–44.) All Bluetooth protocols,

5

including version 4.0, are administered by the Bluetooth Special Interest Group ("Bluetooth SIG"), founded in 1998.[1] As evident from the face of the patents, the original assignee was Siemens AG or a subsidiary thereof. (*See* Exs. 1–2.) Siemens AG, like BARTEC, is an Adopter Member of the Bluetooth SIG.[2] When a company becomes an Adopter Member, it automatically grants a nonexclusive, perpetual, royalty-free license to all other Adopter Members of its patent claims necessary to practice the Bluetooth specification.[3] BARTEC is therefore already licensed to practice the '207 and '705 Patents pursuant to the rights granted by Siemens AG by way of the Bluetooth SIG, if Sonohm's allegations that practice of the '207 and '705 Patents is necessary to the Bluetooth specification. Any attempt to replead around this fact is futile.

To demonstrate how an accused device meets the claims of the '207 and '705 Patents, Sonohm simply alleges the device practices the Bluetooth 4.0 specification. (*See, e.g.,* Complaint at ¶ 22 ("Using Bluetooth 4.0 (or later version) selects a unique carrier frequency…"); ¶ 23 ("[U]sing Bluetooth 4.0 (or later version) monitors the quality of the selected frequency during a first time period…"); ¶ 24 ("[W]ith Bluetooth 4.0 (or later version), the physical channel is sub-divided into time units known as slots."); ¶ 25 ("Bluetooth 4.0 (or later version) after selecting another frequency (e.g., frequency hopping) selects at a second time period…"); ¶ 26 ("Bluetooth 4.0 (or later version) performs the step of performing, during the second time period, error correction..."); *see also id.* at ¶¶ 41–44.)

Not only does Sonohm identify the Bluetooth 4.0 specification as evidence of alleged infringement, it also consistently cites the Bluetooth specification as support. *See, e.g., id.* at ¶ 24

---

[1] https://www.bluetooth.com/about-us/our-history/.

[2] *See* https://www.bluetooth.com/develop-with-bluetooth/join/member-directory/.

[3] Bluetooth Patent/Copyright License Agreement at Section 5(b), attached as Ex. 3.

(citing https://www.bluetooth.org/docman/handlers/downloaddoc.ashx?doc_id=456433, hereinafter referred to as "the Bluetooth specification"). For several claim elements, the Bluetooth specification is the only support identified. (*See id.* at ¶¶ 24, 42–44.)

### 2. Members of the Bluetooth SIG license patents necessary for the Bluetooth 4.0 specification such that the original owner of the asserted patents, Siemens AG, already licensed them to BARTEC.

The Bluetooth specification states that only members of Bluetooth SIG are permitted to use the specification. (https://www.bluetooth.org/docman/handlers/downloaddoc.ashx?doc_id=456433 at 3 (repeatedly cited in Sonohm's Complaint), hereinafter "Bluetooth Specification".)[4] There are several types of members, including Adopter Members. (*Id.*) The list of Adopter Members is public, and accessible on the Bluetooth SIG website.[5] Both the original owner of the '207 and '705 Patents, Siemens AG, and BARTEC are Adopter Members of Bluetooth SIG.[6]

To determine what products are covered by the Bluetooth Specification, the specification directs readers to the Bluetooth Patent and Copyright License Agreement. (Bluetooth Specification at 45.) The operative version of the agreement is found on the Bluetooth SIG website. (*See* Bluetooth Patent/Copyright License Agreement, attached as Ex. 3.) For purposes of this motion, Section 5(b) is instructive:

---

[4] "When a defendant attaches documents to its motion that are referred to in the complaint and are central to the plaintiff's claims, however, the court can also properly consider those documents [on a motion to dismiss]." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004);

[5] https://www.bluetooth.com/develop-with-bluetooth/join/member-directory/.

[6] This information is ascertainable by searching for each entity in the Bluetooth SIG member directory. BARTEC's membership is recorded through BARTEC gmbh.

> (b) **By Associate or Adopter Member**. Effective upon the adoption by Bluetooth SIG of each Bluetooth Specification, each Associate and Adopter Member and their Affiliates hereby grant to each Promoter Member and Associate and Adopter Member and all of their respective Affiliates (also collectively, "Licensee") a nonexclusive, royalty-free, perpetual, irrevocable, nontransferable, nonsublicenseable, worldwide license under its Necessary Claims solely to make, have made, use, import, offer to sell, sell and otherwise distribute and dispose of Compliant Portions; provided that such license need not extend to any part or function of a product in which a Compliant Portion is incorporated that is not itself part of the Compliant Portion.

(Ex. 3 at 4 (Section 5(b)).)

As an Adopter Member, Siemens AG granted to every other Adopter Member a nonexclusive, perpetual license to practice any Necessary Claims to, *inter alia,* use or sell Compliant Portions. Necessary Claims are defined as those that are necessarily infringed by practicing a Bluetooth protocol. (*Id.* at Sect. 1(o).) Compliant Portions are the specific portions of hardware and/or software that (i) implement, (ii) are compliant with, and (iii) have been deemed qualified to meet the requirements of a Bluetooth protocol. (*Id.* at Sect. 1(j).)

As a fellow Adopter Member, BARTEC received the benefit of this license grant from Siemens AG. By relying almost exclusively upon the Bluetooth specification to allege infringement, Sonohm admits that claim 11 of the '207 Patent and claim 1 of the '705 Patent are Necessary Claims to practice the Bluetooth 4.0 specification. By alleging the accused product "implement Bluetooth 4.0," Sonohm admits these products are Compliant Portions. (Complaint at ¶¶ 22, 41.)

### D. Sonohm's Complaint should be dismissed with prejudice because Sonohm has no legally cognizable claim against BARTEC to plead.

The Court should not permit Sonohm to amend its Complaint to correct the deficiencies described herein. Even if Sonohm can restate its infringement claims to allege infringing activity by BARTEC—despite expiration of the patents and no notice to BARTEC of the asserted patents while they were in force—Sonohm cannot escape the fact that BARTEC already has a license to

8

practice the '207 and '705 patents. This is because when Sonohm purchased the '207 and '705 Patents, it took the assets with these license rights intact. *Datatreasury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368, 1372 (Fed. Cir. 2008) (patent owners cannot transfer an interest greater than what they possess, therefore assignees "take[ ] a patent subject to the legal encumbrances thereon."). In other words, even if Sonohm was permitted to amend its Complaint, any infringement allegations toward BARTEC would still fail to state a plausible infringement claim.

In cases where amendment of a complaint would be futile, dismissal without leave to amend appropriate. *See United States ex rel. Porter v. Magnolia Health Plan, Inc.*, 810 F. App'x 237, 243 (5th Cir. 2020). Accordingly, based on Sonohm's allegations that the Bluetooth Standard is applicable, and the unambiguous license to BARTEC from Siemens AG for the '207 and '705 Patents under that standard, any amendment by Sonohm in which it alleges infringement by way of compliance with the Bluetooth Standard would be futile. The Court should, therefore, dismiss the Complaint with prejudice.

### III.   CONCLUSION

The Court should grant BARTEC's Motion and dismiss Sonohm's Complaint with prejudice.

Dated:  November 23, 2020

/s/ *Michael J. Howell*
Michael J. Howell (Attorney-in-Charge)
Southern District of Texas Bar No. 1267986
MASCHOFF BRENNAN
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone:    (435) 252-1360
Facsimile:     (435) 252-1361

*Attorneys for Defendant BARTEC US Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on November 23, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rules 5.1 and 5.3.

Dated:  November 23, 2020 	/s/ *Michael J. Howell*
	Michael J. Howell (Attorney-in-Charge)
	Southern District of Texas Bar No. 1267986
	MASCHOFF BRENNAN
	111 South Main Street, Suite 600
	Salt Lake City, Utah 84111
	Telephone:     (435) 252-1360
	Facsimile:       (435) 252-1361

	*Attorneys for Defendant BARTEC US Corporation*